# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY,

FEBRUARY TERM, 1887.

---

THEODORE RUNYON, ESQ., ORDINARY.

---

ASHER W. CARROLL, appellant,

*v.*

MOSES BONHAM, respondent.

Where a decedent lived nine days after making a nuncupative will, and possessed the capacity meanwhile to execute a written one, and could have made such written will, the nuncupative one cannot be sustained.

---

Appeal from decree of Hunterdon orphans court refusing to admit to probate an alleged nuncupative will.

*Messrs. Voorhees & Cotter,* for appellant.

*Mr. R. S. Kuhl,* for respondent.

40                               625

THE ORDINARY.

Asher W. Carroll, the appellant, propounded for probate in the orphans court of Hunterdon county an alleged nuncupative will of his sister, Mary Ann Bonham, late of that county, deceased, who was the wife of the respondent, Moses Bonham. The alleged nuncupation was made on the 9th day of April, 1886. Mrs. Bonham was then living with her husband, at their home in Hunterdon county. She was ill, and continued to be so until she died, on the 18th of the same month. The alleged will was offered for probate by petition on the 2d of June, 1886. After hearing the matter upon due notice, the orphans court decreed that the proof was not satisfactory, and dismissed the petition, without costs. By the supposed will, Mrs. Bonham attempted to dispose of personal property of more than the value of $80. But both previously and subsequently she attempted to dispose of other parts of her personal property. The statute provides that a verbal will (it does not extend to those made by soldiers in actual military service, or mariners or seamen at sea, disposing of their movables, wages and personal estate) to be valid must, if the property exceed the value of $80, be proved by the oaths of three witnesses, at least, who were present at the making thereof; and it must be proved that the testator or testatrix, at the time of pronouncing the will, bade the persons present, or some of them, bear witness that such was his or her will, or words to that effect. It provides, also, that such will must have been made in the time of the last sickness of the testator or testatrix, and in the house

---

NOTE.—Ignorance of the law that requires all wills to be in writing, or carelessness in attending to it at a time when the testator is conscious that his sickness is mortal, or aversion to being troubled about it, does not constitute the necessity that allows a nuncupative will to be made, *Haus* v. *Palmer, 21 Pa. St. 296 ; Erwin* v. *Hammer, 27 Ala. 296.*

Where the decedent had the capacity to execute a written will afterwards, probate was refused to nuncupative wills in the following cases on the ground that they were not made *in extremis:* Where the testatrix survived four days, *Haus* v. *Palmer, 21 Pa. St. 296 ;* nine days, *Yarnall's Will, 4 Rawle 46 ;* two days, *Boyer* v. *Frick, 4 Watts & Serg. 357 ;* one day, when he died suddenly and unexpectedly, *Werkheiser* v. *Werkheiser, 6 Watts & Serg. 184 ;* six days, *Prince* v. *Hazleton, 20 Johns. 502 ;* one day, where the testator repeated substantially the alleged nuncupative declarations made a fortnight before, *Sykes*

Carroll v. Bonham.

of his or her habitation or dwelling, or where he or she had been resident for the space of ten days or more next before the making of the will, except where he or she was surprised or taken sick, being from his or her own house, and died before he or she returned to the place of his or her dwelling. *Rev. p. 1245.* It is well established that the term "last sickness" in the foregoing provisions is not to be construed as signifying merely the illness, without regard to its duration, which terminated in the alleged testator's death, but as meaning *in extremis. Prince* v. *Hazelton, 20 Johns. 502; Yarnall's Will, 4 Rawle 46; 1 Redf. Wills 185.* That is, the law contemplates sudden and severe illness immediately preceding physical dissolution, when there is neither time nor opportunity to make a written will, and therefore, in such case, if there is to be a will, it must of necessity be a merely verbal one. Blackstone says that the legislature has provided (by the act of which ours is a transcript) against any frauds in setting up nuncupative wills, by so numerous a train of requisites that the thing itself has fallen into disuse and is hardly ever heard of but in the only instance where favor ought to be shown to it—when the testator is surprised by sudden and violent sickness. *2 Black. Com. 501.* A nuncupation can only be sustained when it is the result of sheer necessity.

If the decedent could have made a testamentary disposition in the way prescribed by statute, a nuncupative one will be of no avail. In the case under consideration, it would seem that the

v. *Sykes, 2 Stew. (Ala.) 364;* see *Ridley* v. *Coleman, 1 Sneed 616;* thirty days, *Ellington* v. *Dillard, 42 Ga. 361;* six days, *Morgan* v. *Stevens, 78 Ill. 287;* one day, *O'Neill* v. *O'Neill, 33 Md. 569;* one hour, *Porter's Appeal, 10 Pa. St. 254;* two months, *Jones* v. *Norton, 10 Tex. 120;* five or six days, *Reese* v. *Hawthorn, 10 Gratt. 548.*

In some cases, however, it has been held if the nuncupation be made at any time during the last illness, it is sufficient, although the testator might have reduced it to writing afterwards, before his death, *Nolan* v. *Gardner, 7 Heisk. 215; Sampson* v. *Browning, 22 Ga. 293; Page* v. *Page, 2 Rob. (Va.) 424; Johnston* v. *Glasscock, 2 Ala. 218; Harrington* v. *Stees, 82 Ill. 50;* and, a *fortiori,* where he had not the physical or mental capacity afterwards, *Sadler* v. *Sadler, 60 Miss. 251, 255;* see, also, *Gwin* v. *Wright, 8 Humph. 639; Huse* v. *Brown, 8 Me. 167; Rouse* v. *Morris, 17 Serg. & R. 331; Corby's Goods, 29 Eng. L. & Eq. 604* — Rep.

decedent deliberately selected the nuncupative method and made the nuncupation, not because she had not time to make a written will (she had such time), but because she was under the impression that a verbal one, if made in the presence of three witnesses, was, whenever made, whether in sickness or health, equally valid with a written one made according to the statute. The case of *Hebden's Will, 5 C. E. Gr. 473*, referred to by the appellant's counsel, sheds no light upon this. There the only question was whether a will drawn by an attorney at the request of the testator and pursuant to his instructions, a few hours before the death of the latter, but not executed—the execution thereof being postponed by the testator until the Christian name of a legatee could be ascertained, and the testator should feel stronger—could be admitted to probate as a nuncupative will. In the case in hand the testatrix was not *in extremis;* she lived nine days after the making of the alleged nuncupation, and, in fact, had testamentary capacity for several of those days. There was no necessity for making a nuncupative will. She could have made a written one. The proof of this fact is clear. The decree of the orphans court will be affirmed, but without costs.